UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **VANESSA ADAMS** | * | **CIVIL ACTION NO. 19-0585** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **FRANKLIN PARISH SCHOOL BOARD** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge on reference from the District Court is a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted filed by defendant Franklin Parish School Board. The motion is opposed. For reasons assigned below, it is recommended that the Rule 12(b)(6) motion be **GRANTED** in part and **DENIED** in part.

### Background

On May 6, 2019, Vanessa Adams initiated this lawsuit against the School Board. [doc. # 1]. Adams alleges discrimination under Title VII, Section 1981, and the Louisiana Employment Discrimination Law ("LEDL"). Adams is a black female who worked for the School Board for thirty years. In 2011, she became principal. In 2013, the superintendent requested that Adams resign as principal and accept a job as a curriculum director or be terminated. Adams says the rationale for the change provided by the superintendent was that the school's scores had fallen and the grass was too high.

In May 2018, Adams applied to be Director of Franklin Parish Headstart; the job required the candidate have three years of administrator experience. Adams did not receive the job. Instead, Holly Sartin, a white female, was hired for the job. Adams claims Sartin lacked the requisite three

1

years of administrator experience, but the superintendent reclassified Sartin's previous position to qualify as an administrator position.

On or around August 1, 2018, Adams applied for a student services position at Franklin High School. Adams says she contacted the principal about her interest in the position and that the principal told the superintendent that he wanted Adams to have the position. Yet Adams claims the superintendent told the principal to hire a white male for the position. A white male with an expired teaching certificate was placed into the position.

In addition, Adams claims that the only black administrator for the School Board decided to resign. Adams claims that no interview committee was formed. The position was only advertised after Tara Robbins, a white female, was placed into the position even though she lacked experience as a school principal.

On August 19, 2019, the School Board filed a motion to dismiss. [doc. # 4]. The School Board's argument is threefold: (1) the claims are prescribed; (2) Adams failed to exhaust administrative remedies; and (3) the Section 1981 claim was not adequately alleged.

On September 9, 2019, Adams filed her memorandum in opposition to motion to dismiss. [doc. # 5]. To rebut the prescription claim and failure to exhaust administrative remedies claim, Adams provides the court with a copy of the EEOC intake questionnaire she completed on August 25, 2018, and alleges she received the EEOC's right to sue notice in February 2019. *See* doc. #5-2, 5-3. Additionally, Adams says that the mere reference to a 2013 incident does not provide grounds for dismissal. Finally, Adams implores the court to grant her leave to amend the complaint in lieu of dismissing it.

2

## **The Motion to Dismiss**

A. <u>Rule 12(b)(6) Standard</u>

Federal Rule of Civil Procedure 12(b)(6) sanctions dismissal when the plaintiff fails to state a claim upon which relief can be granted. A pleading states a claim for relief when, inter alia, it contains a short and plain statement showing the pleader is entitled to relief. FED.R.CIV.P. 8(a)(2). In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's ground for entitlement to relief including factual allegations that when assumed to be true raise a right to relief above the speculative level. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.

An employment discrimination plaintiff need not plead a prima facie case of discrimination to survive a Rule 12(b)(6) motion. *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002). Accordingly, the complaint only needs to comply with Rule 8, which requires a short and plain statement of the claim showing the pleader is entitled to relief. *Id.* at 515. Title VII exhaustion is an affirmative defense with the burden of pleading and proving it on the defendant.

3

*See, e.g., Fort Bend County, Texas v. Davis*, 139 S.Ct. 1843, 1851-52 (2019); *Hardaway v. Hartford Public Works Department*, 879 F.3d 486, 491 (2d Cir. 2018).

B. The 2013 adverse employment action

The School Board seeks to dismiss in part because any claim stemming from Adams' resignation in 2013 is prescribed. [doc. # 3-1, p. 5]. In response, Adams argues that "the reference [to the 2013 incident] was only used for reference." [doc. #5, p. 3].

Adams' complaint alleges that:

In 2013, an act was passed that allowed the Superintendent the power the hire and fire employees. At that time, the Superintendent requested that Plaintiff resign her position and accept a position as a curriculum facilitator or face termination. The Superintendent asserted that his request was because scores fell in a year and the grass was too high at the school, even though it was well-known that other schools' scores had dropped in multiple years and other schools had grass that was too high. (Compl. ¶ 8.)

The complaint proceeds to incorporate these facts to allege race discrimination under Title VII and LEDL.

To pursue a Title VII claim in Louisiana, a claimant has 300 days to file the charge with the EEOC and then must file her civil action within 90 days of receiving the right-to-sue letter from the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). At this point, any claim from 2013 is well outside the permissible period under Title VII. Accordingly, any claim Adams wishes to pursue stemming from the adverse employment action that occurred in 2013 is time-barred under Title VII.

LEDL contains a one-year prescriptive period that begins to run from the date of the alleged discriminatory act and which is suspended for up to six months during the pendency of an administrative review or investigation by the EEOC. *O'Neal v. Cargill, Inc.*, Civ. Action No. 15-7183, 2016 WL 1437873, at *6 (E.D. La. Apr. 12, 2016)(citations omitted); La. R.S. § 23.303(D).

4

Thus, in effect, a plaintiff has a maximum of 18 months from the date of the last alleged discriminatory act in which to file a suit under the LEDL. *Id*. At this point, any claim from 2013 is well outside the permissible 18-month period. Accordingly, any claim Adams wishes to pursue stemming from the adverse employment action that occurred in 2013 is time-barred under LEDL.

Because the 2013 claim is time-barred, the court dismisses this claim as failing to state a claim upon which relief can be granted. Thus, Adams cannot pursue a claim based on her forced resignation as principal. At the same time, the court notes that it is not ruling on the admissibility of the 2013 incident as evidence for other purposes.

C. The 2018 adverse employment actions

The School Board argues that any action stemming from adverse employment actions in 2018 should be dismissed because they are prescribed and/or Adams failed to exhaust administrative remedies. However, the School Board does not adduce any evidence to support this claim. In her memorandum in opposition to the motion, Adams provides the court with the EEOC intake questionnaire filed on August 25, 2018, and the official charge of discrimination signed and sent back to the EEOC on October 12, 2018.

Before filing an employment discrimination lawsuit in federal court, plaintiffs must exhaust administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996); 42 U.S.C. § 2000e-5. A Title VII plaintiff exhausts administrative remedies when she files a timely charge with the EEOC and receives a statutory notice of a right to sue. *Id*.

In Louisiana, a Title VII plaintiff must file a charge of discrimination with the EEOC within 30 days of receiving notice that the state or local agency has terminated proceedings or within 300

5

days of the alleged discriminatory act, whichever is earlier. 42 U.S.C. 2000e-5e(1); *Burrell v. Brown*, 2000 WL 1056312, at *3 (5th Cir. 2000)(unpubl); *Janmeja v. Board of Supervisors of Louisiana State University*, 96 Fed. Appx. 212, 214 (5th Cir. 2004).

The School Board bears the burden of pleading the affirmative defense of failure to exhaust administrative remedies. Therefore, it is not necessary for Adams to provide the court with facts in her complaint demonstrating that she exhausted her administrative obligations, nor does she need to amend her complaint to do so. The School Board provides nothing to support its claim, and, Adams proffers evidence showing that she filed her claim with the EEOC in a timely fashion and properly worked her way through the administrative system.[1]

Accordingly, Adams meets her pleading obligation to allege an employment discrimination claim under Title VII and LEDL stemming from the adverse employment actions taken against her in May 2018. She has adequately alleged she is a member of a protected class who suffered an adverse employment action. Thus, the undersigned recommends denying the School Board's motion to dismiss as it relates to the 2018 adverse employment actions.

D. The Section 1981 Claim

In the first paragraph of her complaint, Adams claims that this case is brought pursuant to Section 1981 *inter alia*. (Compl. ¶1). Beyond this single cursory reference, Adams does not mention Section 1981 in her complaint, nor does she explain what she is claiming under Section

---

[1] The Court references these documents without converting the Motion into a Motion for Summary Judgment. When considering a motion to dismiss, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*. The Court may take judicial notice of EEOC documents as a matter of public record when deciding a 12(b)(6) motion. *Wilson v. Lockheed Martin Corp.*, 2003 WL 22384933, at *2 (E.D. La. Oct 15, 2003).

6

1981. Accordingly, in the absence of an amendment, the court must dismiss the Section 1981 claim.[2] The undersigned recommends dismissal in the absence of an amendment within the deadline for objections.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that defendant's motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 3] be **GRANTED** in part, DISMISSING WITH PREJUDICE plaintiff's Title VII and LEDL claims stemming from the adverse employment action in 2013 and DISMISSING WITH PREJUDICE plaintiff's claims under Section 1981 in the absence of an amendment, and **DENIED** in part, allowing plaintiff's claims stemming from the adverse employment actions in 2018 to proceed.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL**

---

[2] Adams asks for leave to amend her complaint. But since she has not filed a motion for leave to amend, or a proposed amended complaint, the court cannot consider that request.

7

**BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 10th day of October 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE